PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY J. DRESCHER, | ) | |
| | ) | CASE NO. 5:21CV2094 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 15] |

On August 17, 2022, the assigned magistrate judge issued a Report and Recommendation affirming the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. *See* ECF No. 15. Plaintiff timely filed an objection to the Report and Recommendation. *See* ECF No. 16. Defendant responded in opposition to Plaintiff's objection. *See* ECF No. 17. For the reasons stated below, the Court sustains Plaintiff's objection, vacates the Commissioner's final decision, and remands the matter for due process consistent with this ruling.

**I.     Background**

Plaintiff Nancy J. Drescher filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging that she became disabled on January 1, 2014.[1] Plaintiff's applications were denied by the Social Security Administration both initially

---

[1] For consistency and without objection, the undersigned relies on the dates used in the Report & Recommendation. *See* ECF No. 15 at PageID #: 717 n.2 (explaining variations in dates).

(5:21CV2094)

and upon reconsideration.  Following the denials, Plaintiff requested an administrative hearing which was held by an Administrative Law Judge ("ALJ").  Shortly after that hearing, the ALJ denied Plaintiff the benefits she sought.  That denial became the final determination of the Commissioner of Social Security when the Appeals Council declined further review.

Subsequently, Plaintiff sought judicial review of the Commissioner's decision.  The case was automatically referred to the assigned magistrate judge for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  Consequently, the magistrate judge submitted a Report recommending that the Court affirm the Commissioner's decision.  The Report and Recommendation issued by the magistrate judge indicates that Plaintiff is neither entitled to DBI nor SSI benefits, and affirms the ALJ's decision.  The magistrate judge found that the ALJ's failure to explain why its residual functional capacity ("RFC") findings, which excluded the state agency consultants' opinions that Plaintiff required a "flexible work schedule," was harmless error.

Following the issuance of the magistrate judge's Report and Recommendation, Plaintiff timely filed an objection to the magistrate judge's determination that the ALJ committed a harmless error by not incorporating the "flexible break schedule" limitation into its RFC findings.  The Commission of Social Security Administration timely filed a response in opposition to Plaintiff's objection.

## II.    Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within fourteen days of service.  *Id*.; Fed. R. Civ. Pro. 72(b)(2).  Objections to a Report and

2

(5:21CV2094)

Recommendation must be specific, not general, to focus a court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). A court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers may go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, a court must

(5:21CV2094)

examine the record as a whole and consider what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. Discussion

The ALJ found, with limited exceptions, that Plaintiff had the RFC to perform sedentary work. The ALJ opined:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant may occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the claimant may frequently handle and finger with the bilateral upper extremities; the claimant must avoid concentrated exposure to humidity, vibration, extremes of heat and cold, pulmonary irritants, such as dust, odors, gases, fumes and poor ventilation, and must avoid all exposure to unprotected heights, moving mechanical parts, and operation of a motor vehicle; the claimant is limited to the performance of simple, routine, repetitive tasks, conducted in a setting free of high production rate pace [as is found in assembly line work], which setting requires no more than occasional, superficial [defined as precluding group, tandem or collaborative tasks, as well as tasks involving sales, arbitration, negotiation, confrontation, conflict resolution, the management of, persuasion of, or direction of, others] interaction with co-workers, supervisors and the public, which setting is routine, in that it contemplates no more than occasional changes in workplace tasks or duties, easily explained and/or demonstrated in advance of gradual implementation into the job's processes.

ECF No. 8 at PageID #: 53-54. Ultimately, the ALJ denied Plaintiff's application, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." ECF No. 8 at PageID #: 61.

### A.

Plaintiff raises one objection to the Report and Recommendation, arguing that the ALJ's findings failed to account for the credited limitations opined by the State Agency psychologists,

4

(5:21CV2094)

thus equating to more than a harmless error.[2] *See* ECF No. 16 at PageID #: 730. For this reason, Plaintiff asserts that the Report and Recommendation should be rejected, the claim should be reversed, and the DBI and SSI benefits should be awarded. *See* ECF No. 16 at PageID #: 735. Alternatively, "Plaintiff requests that the Court reverse the claim and remand to the Commissioner for an appropriate consideration of the evidence under the requirements of law." ECF No. 16 at PageID #: 735.

**B.**

Dr. Robyn Murry-Hoffman, PsyD, evaluated Plaintiff's mental residual functional capacity and found that Plaintiff had sustained concentration and persistence limitations. *See* ECF No. 8 at PageID # 129-130. Dr. Murry-Hoffman also diagnosed Plaintiff as "moderately limited" in her ability to : (i) "carry out detailed instructions"; (ii) "maintain attention and concentration for extended periods"; (iii) "complete a normal workday and workweek without interruptions from her psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"; (iv) "interact with the general public"; (v) "respond appropriately to changes in the work setting." EFC No. 8 at PageID #: 121-122; *see also* ECF No. 8 at PageID #: 129-131. Dr. Murry-Hoffman concluded that Plaintiff could complete certain tasks so long as she was afforded "a flexible break schedule." ECF No. 8 at PageID #: 130. Dr. Aracelis Rivera, PsyD, agreed with this assessment. *See* ECF No. 8 at PageID #: 140-142; *see also* ECF No. 8 at PageID #: 149-150 (confirming mediation with a

---

[2] Plaintiff partly concedes that her objection is repetitive of her "Statement of Specific Error," as complained of by Defendant. *See* ECF No. 16 at PageID #: 730 and ECF No. 17 at Page ID #: 736. Plaintiff, however, distinguishes the objection sufficiently for further judicial review. Therefore, the Court analyzes the objection and renders its *de novo* ruling herein.

5

(5:21CV2094)

"flexible break schedule"). The doctors did not explain what constituted a "flexible break schedule." *See* ECF No. 15 at PageID #: 726.

In its review of the ALJ's opinion, the Report and Recommendation found that the ALJ did not apply the proper legal standards set forth in 42 U.S.C. § 405 in several ways. *See* ECF No. 15 at PageID #: 723-724. The Report and Recommendation acknowledged that the ALJ omitted any reference to the "flexible break schedule" limitation. *See* ECF No. 8 at PageID #: 58-60. Furthermore, the magistrate judge reasoned that the ALJ failed to provide a sufficient explanation for rejecting the "flexible break schedule" limitation, indicating that

> *None of the ALJ's reasons sufficiently explained his rejection of the flexible-break limitation determined by the state agency consultants*. No treating source or consultative examiner in the record stated that Drescher retained sufficient cognitive function to serve as a "backstop" against her periodic attention and concentration deficits. Rather, it seems that the ALJ made his own independent medical finding of Drescher's degree of cognition – something he cannot do.
>
> Drescher's lack of a dedicated mental health treatment was a relevant factor for the ALJ to consider, especially given the lack of evidence in the record explaining why Drescher never sought treatment. But a lack of dedicated treatment by a mental health provider would not, on its own, be inconsistent with the need for a flexible break schedule to accommodate the anxiety symptoms for which she regularly took medication.
>
> Drescher's ability to shop, interact with family on a weekly basis, and interact in prosocial terms would be relevant to her ability to interact with others but not her ability to pay attention and concentrate for 8 hours per day, 40 hours per week. Similarly, Drescher's ability to manage changes in routine, make independent decisions, and order her "living arrangements efficiently" would not explain whether she was capable of maintaining attention and concentration at a workplace without greater than the allotted amount of break periods. And Drescher's ability to care for her parents in 2015 would also not necessarily be inconsistent with the state agency consultants' opinion in 2020 and 2021 that she needed a flexible break schedule

6

(5:21CV2094)

ECF No. 15 at PageID #: 725-726 (internal citations omitted) (emphasis added).

Despite identifying several frailties resulting from the ALJ's omission of the "flexible work break," the Report and Recommendation concluded that the one error targeted by Plaintiff's objection, the ALJ's failure to mention the "flexible work break" limitation, was harmless error because the state agency consultants did not explain the term either. *See* ECF No. 15 at PageID #: 726. The Report and Recommendation intoned, "[w]ithout further articulation by the state agency consultants as to what they meant by the 'flexible break schedule' limitation, that portion of their opinion does not qualify as a medical opinion under the regulations." ECF No. 15 PageID #: 726-727. Therefore, the Report and Recommendation concluded that "the ALJ was neither required to incorporate the limitation into the RFC nor give an explanation as to why that limitation was not incorporated into the RFC." ECF No. 15 at PageID #: 727.

Plaintiff argues, in opposition, that the opinions of the state agency consultants constitute a medical opinion under 20 C.F.R. § 404.1513(a)(2). *See* ECF No. 16 at PageID #: 731. More specifically, Plaintiff argues that the "flexible break schedule" limitation was not only a medical opinion, but a particularly critical opinion to the outcome of the case. *See* ECF No. 16 at PageID #: 731. Plaintiff asserts that the ALJ wrongly ignored the limitation which could have been determinative of the disability. *See* ECF No. 16 at PageID #: 734. Consequently, Plaintiff concludes that the case should be remanded for further proceedings. *See* ECF No. 16 at PageID #: 734. The undersigned agrees.

## C.

The Code of Federal Regulations set forth the qualifications under which a statement is considered to be a medical opinion. *See* 20 C.F.R. § 1513(a)(2). The Court may reverse and remand matters in which an ALJ fails to provide substantiated reasons "for according less than

7

(5:21CV2094)

controlling weight to treating sources," unless the error is a "harmless *de minimis* procedural violation." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). The Sixth Circuit has defined an error to be harmless when it neither deprives a party of a substantial procedural right nor prejudices the party on the merits of the matter. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 648 (6th Cir. 2009). "[I]t is[,however,] not necessarily error for an ALJ to omit from the residual functional capacity an assessed limitation, even if that limitation is contained in an opinion the ALJ otherwise found persuasive." *Smith v. Commissioner of Soc. Sec.*, No. 5:11-cv-2104, 2013 WL 1150133, at *11 (N.D. Ohio Mar. 19, 2013).

Plaintiff's argument pertaining to a need to include the "flexible break schedule" limitation in an RFC finding is not novel to the Sixth Circuit. *See Smith v. Commissioner of Soc. Sec.*, No. 5:11-cv-2104, 2013 WL 1150133 (N.D. Ohio Mar. 19, 2013) (finding no error when the ALJ sufficiently described the weight given to an opinion and, therefore, was not obligated to explain limitations that were not incorporated into the RFC); *see also Overstreet v. Saul*, No. 1:20-cv-00645, 2021 WL 5017754, at *15 (N.D. Ohio May 17, 2021); *Straley v. Commissioner of Soc. Sec.*, No. 3:12-cv-442, 2012 WL 7809072, at *11 (N.D. Ohio Dec. 27, 2012). In opining on the remedial benefits of a "flexible break schedule" for Plaintiff, the state agency consultants failed to explain what that phrase meant, and refrained from elaborating on the need for the suggested schedule other than vaguely noting that "[o]ccasional issues…can be mediate[d] by a flexible break schedule." ECF No. 8 at PageID #: 122; *see also Scott v. Saul*, No. 5:18-CV-2897, 2020 WL 2393155, at *3 (N.D. Ohio May 12, 2020). To date, no case within the Sixth Circuit has purposefully defined the phrase "flexible break schedule."

(5:21CV2094)

Still, as the Report and Recommendation shares, "it is understandable why Drescher has concerns about the apparent omission of a limitation referred to by the state agency evaluators that was not included in the ALJ's RFC finding." ECF No. 15 at PageID #: 727. Without a meaningful explanation as to what the state agency consultants meant by "flexible break schedule," the undersigned can only guess at whether that phrase, as used by the state agency consultants, constitutes a medical opinion under 20 C.F.R. § 1513(a)(2). The fair administration of justice requires more. Additionally, the undersigned is not persuaded that remanding the case to allow the ALJ to discern that phrase or explain why doing so is legally unnecessary "would be a needless formality, which would *not* result in an award of benefits." ECF No. 15 at PageID #: 727 (emphasis added).

It may well be that the ALJ's failure to explain or even reference the "flexible break schedule" limitation espoused by state agency consultants is harmless error. The undersigned cannot, however, reach such a determination on the incomplete record at bar. While a conclusion made by the ALJ explicitly addressing the "flexible break schedule" limitation may not result in a ruling in favor of Plaintiff, requiring due process in accord with the Commissioner's own legal standards is not a "needless formality." ECF No. 15 at PageID #: 727. Explanation or refutation of the phrase, "flexible break schedule," as used by the state agency consultants, is important to the fair resolution of this case.

On remand, the ALJ shall properly consider the full opinions of Dr. Murry-Hoffman, PsyD, and Dr. Rivera, PsyD, in a manner consistent with the Commissioner's legal standards and other relevant applicable law. Following that consideration, the ALJ shall either justify the rejection of the "flexible break schedule" limitation or meaningfully employ it, before issuing a new decision.

(5:21CV2094)

## IV. Conclusion

Accordingly, the Court sustains Plaintiff's objection. The Commissioner's final decision is vacated, and the matter remanded for a new decision. The Court does not adopt the conclusion of the Report and Recommendation (ECF No. 15).


IT IS SO ORDERED.


| | |
|---|---|
| February 16, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |